BOARD OF BARBER EXAMINERS — EMPLOYMENT AS INVESTIGATOR A member of the State Board of Barber Examiners may not be employed by that Board as an investigator and be paid for that service, his compensation for inspecting barber shops being limited to that as set forth for Board members in 59 O.S. 82 [59-82] (1971). The Attorney General has received your request for an opinion wherein you ask the following question: "May a member of the State Board of Barber Examiners serve also as part-time inspectors-investigators and receive compensation for both activities?" Title 59 O.S. 78 [59-78] (1971) provides as follows: "The said Board of Barber Examiners shall have authority to hire inspectors in such numbers as they may deem advisable and as funds are available, and such additional office help as may be necessary from time to time. Such inspectors and members of said Board shall have authority to enter upon the premises and inspect any barber shop during business hours to ascertain whether such shop is complying with the provisions of this Act and the sanitary requirements prescribed by the Board of Examiners. Such inspection shall be in addition to the inspections by the County Health Officers as provided for in Section 2, Chapter 185, Oklahoma Session Laws, 1933. Said inspectors or members of said Board shall report immediately to the Board of Barber Examiners any delinquencies they may find." (Emphasis supplied) The first sentence of the above-quoted statute evidences a clear legislative intent to allow the Board of Barber Examiners to hire inspectors and other office help employees as may be necessary from time to time. As can be further determined from the emphasized portion of that statute, both the members of the Board of Barber Examiners and inspectors have the authority to inspect barber shops to determine violations of the Act or the sanitary requirements of the Board. Thus, it is apparent that in addition to the other duties performed by the Board of Barber Examiners, they may also inspect barber shop premises as above indicated. This inspection duty may be delegated to an inspector hired pursuant to the above statute. However, if a Board member performs this duty himself, his compensation for this function as well as other duties of his office is indicated by 59 O.S. 82 [59-82] (1971), which provides as follows: "Each member of the State Board of Barber Examiners shall be paid the sum of Twenty-five Dollars ($25.00) per day for his services; also traveling expenses, as provided by law for other state officers, while traveling outside of Oklahoma City, the seat of government, in the performance of his official duties. Said per diem of each member shall not exceed One Thousand Four Hundred Dollars ($1,400.00) in any one fiscal year; provided, that the Secretary of said Board may receive a per diem of not to exceed Two Thousand Dollars ($2,000.00) in any one fiscal year." The apparent legislative scheme was to have the three members of the Board of Barber Examiners to inspect barber shops as above indicated, but provided that if this function could not be adequately performed by the Board members and if other funds were available, inspectors could be hired to assist in this endeavor, but it is clear that if a Board member performs this function, his compensation is limited to that provided in 59 O.S. 82 [59-82] above quoted. It should also be noted that the employment of a Board member as an inspector could constitute a violation of the Code of Ethics for State Officials and Employees as set forth in 74 O.S. 1404 [74-1404] (1971). It is, therefore, the opinion of the Attorney General that your question be answered as follows: A member of the State Board of Barber Examiners may not be employed by that Board as an investigator and be paid for that service, his compensation for inspecting barber shops being limited to that as set forth for Board members in 59 O.S. 82 [59-82] (1971). (JAMES H. GRAY) (ksg)